IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>BREALON J. GOODWIN,<br><br>          Defendant. | 8:20-CR-83<br>8:20-CR-332<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report and addendum in these cases. The defendant has filed a "Motion for Downward Departures and Variance" (filing 213)[1] that, despite its caption, also contains an objection to the presentence report.

IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

     (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

---

[1]   The defendant has filed the same motion in case no. 8:20-cr-83 and case no. 8:20-cr-332. For ease of reference, the Court cites to the filings found in case no. 8:20-cr-83.

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has filed a "Motion for Downward Departures and Variance (filing 213) that also objects to the presentence report.

(a) First, the defendant takes issue with the presentence report's failure to assess a two-level adjustment, pursuant to U.S.S.G. § 3B1.2, for being a minor participant in the offense.[2] Filing 214 at

---

[2] Despite the defendant's characterization of this as a "departure," filing 213 at 2, this is actually an "adjustment" for the defendant's role in the offense, and the defendant's argument is therefore an objection to the presentence report's calculation of the guidelines range. That's not merely a semantic distinction, because it affects the burden of proof and reviewability of the issue.

6-8. Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). And the defendant bears the burden of proving that he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013).

Specifically, it is his burden to establish that his role in the offense made him less culpable than the average participant in the criminal activity, both "by comparison with other participants *and*

---

In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines, including appropriate "adjustments" related to the victim, role, obstruction of justice, and acceptance of responsibility. *See* U.S.S.G. § 1B1.1(a). Then, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

The defendant's first argument, for a role adjustment, is part of the Court's determination of the adjusted offense level, before any applicable departures. The defendant's second and third arguments relate to departures, based on allegedly overstated criminal history and characteristics not adequately taken into consideration by the guidelines. And the defendant's final argument is for a variance from the final advisory guidelines range. Filing 213 at 2.

by comparison with the offense for which he [] is accountable." *United States v. Ramirez-Maldonado*, 928 F.3d 702, 708 (8th Cir.), *cert. denied sub nom. Llamas-Delgado v. United States*, 140 S. Ct. 425 (2019). The Court considers, among other things,

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

§ 3B1.2, cmt. n.3(C). And the Court's determination "is based on the totality of the circumstances" and "is heavily dependent upon the facts of the particular case." *Id*. Accordingly, the Court will resolve this objection at sentencing.

- 4 -

(b)     Next, the defendant argues that his criminal history is overstated within the meaning of U.S.S.G. § 4A1.3(b)(1). Filing 214 at 8-9. That's a basis for downward departure "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *Id*. "A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." *Id*., cmt. n.3.

The defendant's argument is that the only convictions for which criminal history points were assessed were two infractions for possession of marijuana in 2009 and 2016. Filing 214 at 9. The Court notes that in addition, the defendant committed some earlier, more serious offenses for which no criminal history points were assessed—and the Court can consider that conduct as well in determining whether the defendant's criminal history is actually overstated. *See United States v. Joshua*, 40 F.3d 948, 953-54 (8th Cir. 1994). And the defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). But the Court will resolve this issue at sentencing.

(c)     Next, the defendant argues for a departure pursuant to U.S.S.G. 5K2.11, which may apply when the defendant's "conduct [did] not cause or threaten the harm or evil sought to be prevented by the

law proscribing the offense at issue." Filing 214 at 10-14. "For example, where a war veteran possessed a machine gun or grenade as a trophy, or a school teacher possessed controlled substances for display in a drug education program, a reduced sentence might be warranted." *Id.*

The defendant's argument actually begins with the 5-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(C) for possession of a firearm during the offense(s). The defendant contends that "a key harm sought to be prevented by each statute [of conviction] is violence or force against another." Filing 214 at 12. But, the defendant says, he *personally* didn't possess the firearm. (Presumably, he's saying a codefendant did, although the presentence report isn't clear on that point.) So, he says his conduct falls outside the "heartland" of cases contemplated by the guidelines. *See* filing 214 at 13.

The Court is not persuaded. The chief harm to be prevented by the bank robbery statute is bank robbery, and the defendant robbed a bank. Hobbs Act robbery is no different. The defendant's conduct was *precisely* the kind of misconduct or danger sought to be prevented by the statutes. *See United States v. Dyck*, 334 F.3d 736, 742 (8th Cir. 2003); *United States v. Koons*, 300 F.3d 985, 993 n.6 (8th Cir. 2002). And § 5K2.11 provides for a "reasonable departure for an act that is technically unlawful, yet not committed for an unlawful purpose." *United States v. Lewis*, 249 F.3d 793, 797 (8th Cir. 2001). The defendant's purpose was not lawful. Nor, to the extent the defendant relies more generally on grounds for

- 6 -

departure not identified in the guidelines, *see* filing 214 at 13, is the Court convinced that the circumstance of two bank robbers with only one gun is sufficiently exceptional or mitigating to warrant departure, *see* U.S.S.G. 5K2.0(a)(2)(B).

In short, the Court's tentative finding is that this argument for departure is without merit. But the Court will make a final determination at sentencing.

(d)     Finally, the defendant moves for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 214 at 14-17. The Court will resolve that issue at sentencing.

3.     Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding section, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.     If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 25th day of August, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge